UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-42-P-H |
| | ) | |
| JOSHUA SEAVEY, | ) | |
| | ) | |
| DEFENDANT | ) | |

ORDER ON GOVERNMENT'S MOTION FOR
AMENDED JUDGMENT

The government has moved to amend the judgment for this defendant. The judgment was entered on November 29, 2005, following a sentencing on November 28, 2005. The government requests that the judgment be amended "to reflect that the charging instrument in this case was an Information vice Indictment." Mot. for Amended Judgment at 1 (Docket Item 28). It also requests that the judgment be amended to reflect that the 85-month sentence imposed was 5 months on Count I and 80 months on Count II, to be served consecutively. Id. The requested change concerning the sentencing language was provoked by a Bureau of Prisons inquiry to both the Court and the government, the Bureau being uncertain how to implement the court's sentence of "85 months on Counts I and II." The defendant opposes the motion.

The motion implicates Rules 35(a) and 36 of the Federal Rules of Criminal Procedure. Rule 35(a) provides:

> Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Rule 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

The defendant argues that because this motion affects the sentence and comes well after the 7 days, the court lacks jurisdiction to grant the motion.

First, there is clearly authority under Rule 36 to correct the clerical error concerning the nature of the charging document. Accordingly, the motion is **GRANTED** to amend the judgment to show that the case started by an Information.

Second, I conclude that Rule 36 should provide authority for the second relief requested. This is not a case involving correction of "a sentence that *resulted from* arithmetical, technical, or other clear error." Rule 35(a) (emphasis added). The sentence imposed was "85 months on Counts I and II," no change is proposed in that sentence, and it did not result from arithmetical or technical error. Instead, the error here (if there was error) was oversight or omission in failing to specify how the 85 months relate to each of the two counts. The government does not propose that the sentence itself—85 months—be altered; instead, the proposal is that the judgment be corrected to supply the missing allocation in the sentence that was actually imposed. But I do not believe the government's proposed allocation (5 months to Counts I, 80 months to Count II) is appropriate. That would mean that if the defendant found a way to vacate Count II, he would only serve 5 months, whereas I imposed 85 months. A more appropriate correction of

2

the omission would be: 60 months on Count I and 85 months on Count II, the first 60 months of which are served concurrently to Count I.

The First Circuit, however, has said that "Rule 36 is considered generally inapplicable to *judicial* errors and omissions" (citing a Seventh Circuit case). <u>United States v. Fahm</u>, 13 F.3d 447, 454 n.8 (1st Cir. 1994) (emphasis original). The error/omission here was mine, not the Clerk's. I conclude, therefore, that I cannot amend the judgment to reflect an allocation between Counts. I also see no authority for making a correction under Rule 35(a) "nunc pro tunc" as the government proposes. Rule 35(a)'s 7-day limit ran long ago. I therefore **DENY** the second part of the motion.

Nevertheless, I observe the following so as to clear up the Bureau of Prisons' confusion. Not all 85 months can be served on Count I, the drug trafficking count, because Count I carries a statutory maximum of 60 months. Serving 60 months on Count I followed (consecutively) by 25 months on Count II would partly implement the sentence I imposed. Alternatively, the entire 85 months could also all be served on Count II, the weapon count, which has a mandatory minimum sentence of 120 months (here reduced because I granted the government's motion to depart under 18 U.S.C. § 3553(e)). But if the defendant found a way to vacate Count II, under each of these two scenarios he would end up serving a shorter sentence than I imposed. On the other hand, I certainly did not intend the defendant to serve 60 months on Count I and then an *additional* 85 months on Count II. The proper execution of the 85-month sentence, therefore, is 60 months on Count I and 85 months on Count II, the first 60 months of which are

concurrent to Count I.

Accordingly, the motion to amend judgment is **GRANTED** so as to reflect that the defendant was charged by Information and otherwise **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF AUGUST, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4